

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 4 2019

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

LELIA VARELA,                          §
                                       §
         Plaintiff,                    §
                                       §
VS.                                    §   NO. 4:18-CV-952-A
                                       §
HOME DEPOT U.S.A., INC.,               §
D/B/A THE HOME DEPOT, ET AL.,          §
                                       §
         Defendants.                   §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Lelia
Varela, to remand. The court, having considered the motion, the
response of defendant Home Depot U.S.A., Inc. d/b/a/ The Home
Depot ("The Home Depot"), the reply, the record, and applicable
authorities, finds that the motion should be denied.

I.

Background

Plaintiff filed on October 24, 2018, her original petition
in the 48th Judicial District Court, Tarrant County, Texas. Doc.[1]
7 at 1, Exhibit A-2. In her original petition, plaintiff alleged
that while she was working in the course and scope of her

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in
this Case No. 4:18-CV-952-A.

employment for defendant[2] at a Home Depot store, a coworker used a forklift to move a pallet close to plaintiff, and the pallet struck and injured her. Id. at Exhibit A-2, p. 2 ¶¶ 5.1-5.2. She named as defendants The Home Depot and Isaac Kask ("Kask"), whom she alleged was the store manager on duty at the time she reported her injury. Id. at Exhibit A-2, p. 2 ¶ 2.3. Plaintiff made identical allegations of negligence against each of them, and her allegations can be summarized as a claim that they failed to provide her with a safe workplace. See id. at Exhibit A-2, pp. 3-4 ¶¶ 6.1, 7.1.

The Home Depot removed this action to this court by notice of removal filed November 29, 2018. Doc. 1. In its notice of removal, The Home Depot argued that Kask was improperly joined to defeat diversity jurisdiction and that his citizenship should be disregarded. Doc. 7 at 3 ¶ 11, 18. The Home Depot contended that this court has subject matter jurisdiction over this action because, once Kask's citizenship is disregarded, there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Id. at 2 ¶ 8; doc. 32 at 1.

Plaintiff filed on December 11, 2018, an amended complaint

---

[2]Plaintiff clarified in her motion to remand that she suffered this injury while she was "in the course and scope of employment with Home Depot." Doc. 16 at 2 ¶ 2. The court infers that The Home Depot was the defendant to whom she was referring in her original petition.

naming as a defendant Ernest Lefebre, the coworker she mentioned in her original petition. Doc. 8. On January 4, 2019, she filed a motion to remand and alleged that she, Kask, and Lefebre are Texas citizens, eliminating complete diversity.[3] Doc. 16 at 3-4 ¶¶ 7-9.

## II.

## Grounds of the Motion

Plaintiff contends that The Home Depot has failed to show that Kask and Lefebre were improperly joined, and that the action should be remanded to the state court from which it was removed.

## III.

## Analysis

A.  Joinder of Kask

  1.  Applicable Legal Principles

A defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[4] 28 U.S.C. § 1441(a). A federal district court has

---

[3]Plaintiff also contends that her claims arise under Texas workers' compensation laws, making this action non-removable under 28 U.S.C. § 1445(c). Doc. 16 at 8-9 ¶¶ 19-20. But, the only cause of action she alleged is negligence, which arises under Texas common law, not workers' compensation laws. Rodgers v. R & L Carriers, Inc., No. 3:16-CV-998-B, 2016 WL 3632807, at *2 (N.D. Tex. July 7, 2016) (collecting cases).

[4] The removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Id. at § 1332(a). In determining whether diversity of citizenship exists, courts disregard the citizenship of parties who were improperly joined. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 577-78 (5th Cir. 2004).

To determine whether a party has been improperly joined, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant."[5] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because The Home Depot did not allege actual fraud,[6] the test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood, 385 F.3d at 573. The court may answer this question by

---

[5] In analyzing these factors, courts consider the allegations made in the plaintiff's state court petition. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

[6] The Home Depot made a threadbare claim, unsupported by any factual allegation or legal argument, that "[t]here is outright fraud in Plaintiff's pleading of jurisdictional facts to include Kask as a defendant." Doc. 7 at 3 ¶ 13. The basis of its claim of diversity jurisdiction is that plaintiff failed to state a claim against Kask. Therefore, the court does not consider it that The Home Depot actually intended to allege actual fraud. In any event, it did not allege anything that supports such a claim.

conducting a "Rule 12(b)(6)-type analysis." Id. at 573-74.

Federal courts use the federal-court pleading standard when conducting that analysis. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

that the plaintiff's right to relief is plausible. Id. To allege

a plausible right to relief, the facts pleaded must suggest

liability; allegations that are merely consistent with unlawful

conduct are insufficient. Twombly, 550 U.S. at 566-69.

"Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common

sense." Iqbal, 556 U.S. at 679.

    2.    No Plausible Claim Against Kask Was Alleged

    To state a plausible negligence claim against a corporate

officer or agent, in his individual capacity, the plaintiff must

allege that: (1) the officer or agent owed her an independent

duty of reasonable care apart from the employer's duty, or (2)

the employer was the officer or agent's alter ego. See Leitch v.

Hornsby, 935 S.W.2d 114, 117 (Tex. 1996). Corporate officers do

not owe their employees an independent duty, apart from that of

the corporation, to provide them with a safe workplace. Id. at

118. This duty is a nondelegable duty imposed solely on the

corporation. Id.

    The only duty plaintiff alleged that Kask violated is, in

essence, the duty to provide her with a safe workplace. That duty

belonged to The Home Depot and could not be delegated to Kask.

Therefore, plaintiff never alleged that Kask owed her an

independent duty of reasonable care, apart from the one that The Home Depot owed her. As a result, she did not state a claim for relief against him that is plausible on its face. For this reason, Kask was improperly joined, and his citizenship should be disregarded in determining whether this court has diversity jurisdiction. And, for the same reason, plaintiff's claims against Kask should be dismissed.

B.  Joinder of Lefebre

    1.  Applicable Legal Principles

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). It is within the court's discretion to permit or deny joinder.[7] Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). In making this decision, courts consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

---

[7]The court maintains its discretion to deny joinder under Section 1447(e) even when a plaintiff amends her complaint as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)); Boyce v. CitiMortgage, Inc., 992 F. Supp. 2d 709, 715-16 (W.D. Tex. 2014) (collecting cases).

## 2.  Joinder of Lefebre Should Be Denied

It appears that plaintiff only joined Lefebre to defeat diversity jurisdiction. She knew the factual basis of her claims against him when she filed suit, but she waited until after removal to make those claims. Plaintiff contends that she did not join him in her original petition because she did not know his last name. Doc. 27 at 8 ¶¶ 22-23. But, she could have sued him as an unknown defendant. See Razo v. Home Depot USA, Inc., No. 4:14-CV-428-A, 2014 WL 3869382, at *3 (N.D. Tex. Aug. 6, 2014). And, she attached to her reply an affidavit that seems to suggest that her lawyer only sought to research Lefebre's last name after removal. Doc. 28 at 35. Her timing is also suspicious: she sought to join Lefebre only two weeks after removal. See Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999); Alba v. S. Farm Bureau Cas. Ins. Co., No. 3:08-CV-0842-D, 2008 WL 4287786, at *2 (N.D. Tex. Sept. 19, 2008).

Moreover, plaintiff's conduct suggests that she has been dilatory in amending her complaint. As stated, she apparently delayed her amendment to destroy diversity jurisdiction, and she gave no other credible reason for waiting until after removal to join him. See Bramlett v. Med. Protective Co. of Fort Wayne, Ind., No. 3:09-CV-1596-D, 2010 WL 1491422, at *6 (N.D. Tex. Apr. 13, 2010).

8

Further, there is nothing in the record to suggest that denial of joinder might injure her. The court has no reason to believe that she cannot sue him in state court. See id.

For these reasons, the court finds that plaintiff's joinder of Lefebre should be denied, and that plaintiff's claims against him should be dismissed.

### IV.

### Order

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's claims against Kask and Lefebre be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Kask and Lefebre.

SIGNED March 4, 2019.

_____
JOHN McBRYDE
United States District Judge